UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                              Plaintiff

v.                                                                            Criminal Action No. 3:22CR-37-RGJ

CHICOBY SUMMERS                                                                      Defendant

\* \* \* \* \*

## ORDER FOLLOWING ARRAIGNMENT

This matter came before the Court on September 14, 2023, for arraignment and detention hearing. Assistant United States Attorney Frank Dahl appeared on behalf of the United States. The Defendant appeared in custody with Rob Eggert, retained counsel. The proceeding was digitally recorded.

As to the matter of arraignment, Defendant, by counsel, acknowledged his identity. He further acknowledged having been furnished a copy of the Indictment and advised of the nature of the charges contained therein. Counsel, on behalf of Defendant, waived formal reading of the Indictment and entered a plea of **NOT GUILTY** to the charges contained therein.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1)     Trial. This matter is assigned for **trial by jury on November 13, 2023, at 9:30 a.m.**, before the Honorable Rebecca Grady Jennings, United States District Judge. Counsel shall be in court thirty minutes before trial. The Western District of Kentucky's plan for the qualification and random selection of grand and petit jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info. Pursuant to Section 5.02 of the Plan, "the names of persons assigned to individual petit jury panels, as well as the contents of

their juror qualification questionnaires, may be disclosed to the parties seven days prior to the trial date unless otherwise ordered by the court."

(2)     Status Conference. This matter is assigned for a **status conference on October 17, 2023, at 2:00 p.m.** before Judge Rebecca Grady Jennings at the Gene Snyder United States Courthouse, Louisville, Kentucky.

(3)     Pretrial Discovery and Inspection.

(a)     **No later than September 21, 2023**, the Assistant United States Attorney and defense counsel shall confer and, upon request, permit inspection and copying or photographing of all matter subject to disclosure under Federal Rule of Criminal Procedure 16.

(b)     If additional discovery or inspection is sought, Defendant's attorney shall confer with the Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written, and the Assistant United States Attorney shall respond in like manner.

    (i)     Jencks Act material. Jencks Act material pursuant to 18 U.S.C. § 3500 is not required to be furnished to Defendant by the United States prior to trial.

    (ii)    Brady (Giglio) material. The United States shall disclose any Brady material of which it has knowledge in the following manner and failure to disclose Brady material at a time when it can be effectively used at trial may result in a recess or a continuance so that Defendant may properly utilize such evidence:

        (A)    pretrial disclosure of any Brady material discoverable under Rule 16(a)(1);

        (B)    disclosure of all other Brady material in time for effective use at trial;

        (C)    if the United States has knowledge of Brady evidence and is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an in camera hearing for the purpose of resolving this issue.

     (iii) <u>Rule 404(b) evidence</u>.  Failure to disclose Rule 404(b) evidence at a time when it can be effectively used at trial may result in a recess or a continuance so that Defendant may properly utilize such evidence.

 (c) **Any motion for additional discovery or inspection** shall be made **on or before September 27, 2023**, after compliance by the parties with Federal Rule of Criminal Procedure 16.  Any such motion shall contain a certification from counsel that informal, extrajudicial efforts to resolve the discovery dispute have taken place and been unsuccessful.

 (d) If required to be disclosed pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) or 16(b)(1)(C), **any expert testimony** the United States or Defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, including a summary of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, shall be disclosed **on or before October 2, 2023.**

 (e) Any expert testimony either the United States or Defendant intends to use to rebut an expert under Rule 702, 703, or 705 of the Federal Rules of Evidence shall be disclosed **on or before October 9, 2023.**

 (f) The parties are reminded of the continuing duty under Federal Rule of Criminal Procedure 16(c) to disclose additional discoverable evidence or material previously requested or ordered.

 (4) <u>Defensive Motions</u>.

 (a) <u>Generally</u>.  All motions shall comply with Local Rule 12.1. Defensive motions, including but not limited to motions to sever, and any other motion requiring a pretrial hearing, including any motion to exclude the testimony of an expert witness pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed **no later than October 16, 2023.**

    (b) <u>Motions to Suppress</u>. Paragraph 4(a) shall apply to motions to suppress evidence, except that the opposing memorandum of the United States with regard to such motions shall be filed no later than three (3) business days prior to the date of any suppression hearing, unless otherwise ordered. Motions to suppress shall comply with Local Rule 12.1, including, but not limited to Local Rule 12.1(a), which requires a motion state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it. Further, a motion to suppress must expressly identify the exact statement(s) and/or evidence sought to be suppressed. If a motion to suppress includes a request for an evidentiary hearing, the motion must expressly identify the factual issues in dispute. **MOTIONS TO SUPPRESS THAT FAIL TO COMPLY WITH THESE REQUIREMENTS WILL BE DENIED AS A MATTER OF COURSE.**

  (5) <u>Pretrial filings</u>. **No later than October 23, 2023**, each party shall file a trial memorandum containing the following:

    (a) The statute(s) involved and elements of the offense(s) (with discussion of authorities, if disputed).

    (b) A statement of undisputed and disputed facts.

    (c) A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

    (d) A statement of evidentiary issues it is reasonably believed will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

    (e) A statement of any known or reasonably anticipated potential trial problems, or other issues that may assist the Court in trying the case.

    (f) Proposed substantive and special jury instructions with citations to authorities. It is not necessary to submit standard general instructions. Additional requests at trial are to be kept to a minimum.

    (g) Proposed *voir dire* questions.

  (h) Counsel shall file an exhibit list and premark for identification purposes all exhibits intended to be used at trial. Counsel shall file a stipulation as to the authenticity of the exhibits. Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

  (i) The United States shall submit, for the Court's *in camera* review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate the amount of time that will be required to present the testimony in chief of each witness. The witness list shall be submitted by e-mail to **Judge_Jennings_Chambers@kywd.uscourts.gov**.

  (j) At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

  (k) The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

(6) <u>Motions *in Limine* and Objections to Proposed Jury Instructions</u>. Any **motions *in limine*,** including evidentiary objections to portions of audio/video tapes and/or depositions, and/or **objections to proposed jury instructions,** shall be filed **on or before October 30, 2023**. **Responses** shall be filed **on or before November 6, 2023**. There shall be **no replies**. To the extent available, the parties shall provide copies of transcripts of all audio/video tapes and deposition testimony being challenged. Objections shall be made specifically to page and line.

(7) <u>Compliance with Local Rules</u>. All motions, responses, and replies made pursuant to this Order shall conform to and are subject to the requirements and time limitations contained in Local Criminal Rule 12.1, except as otherwise provided herein.

(8) <u>Detention</u>. The Defendant, through counsel, elected to waive his right to a detention hearing at this time while reserving the right to move for a detention hearing at a later time. The Defendant is remanded to custody of the United States Marshals Service pending further order of Court.

:05

September 21, 2023

Colin H Lindsay, Magistrate Judge

United States District Court